*E-Filed 4/28/10*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL DIXON, | No. C 10-1036 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CITY & COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Michael Dixon filed the instant civil rights action against Defendants City and County of San Francisco, Robert Dondero, Victoria Baldocchi, Stephen Rosen, and Does 1 through 15 ("defendants") alleging that defendants withheld exculpatory DNA evidence at his trial in violation of 42 U.S.C. § 1983.

The original complaint was dismissed with leave to amend.  (*See* Docket No. 4.) Plaintiff has filed a timely amended complaint and supporting affidavits.  (*See* Docket Nos. 5, 6 & 7.)  The amended complaint is before this Court for review pursuant to 28 U.S.C. § 1915A(a).

**BACKGROUND**

According to the amended complaint, in 1998, a San Francisco Superior Court jury convicted plaintiff of forcible rape, forcible sodomy, forcible digital penetration, aggravated assault, and false imprisonment. Plaintiff sought, and was denied, relief on direct and collateral state review. In 2001, plaintiff sought, and was granted, a writ of habeas corpus by this Court as to the convictions for forcible rape, forcible sodomy, and forcible digital penetration, and was denied habeas relief as to the aggravated assault and false imprisonment convictions. The sexual assault convictions were voided, and, according to plaintiff, the sexual assault charges were never refiled.

In the instant action, plaintiff alleges that defendants withheld exculpatory evidence during plaintiff's trial on the sexual assault charges. That evidence was derived from (1) the alleged victim's vaginal, rectal, and oral swabs, and (2) swabs from plaintiff's penis. As to the former, no sperm was found on any of the swabs taken from the alleged victim. (The alleged victim stated that plaintiff had ejaculated on her leg.) As to the latter, the alleged victim possessed the same genetic profile as one that appeared on one of plaintiff's penile swabs. With respect to that same evidence, while plaintiff's genetic profile was different than that found on another of his penile swabs, it was "compatible" with a secondary source of DNA found on another penile swab. Plaintiff alleges that if this allegedly withheld evidence had been presented to the jury, the outcome of the trial would have been different.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id*. at 87.  Since *Brady*, the Supreme Court has made clear that the duty to disclose such evidence applies even when there has been no request by the accused, *see United States v. Agurs*, 427 U.S. 97, 107 (1976), and that the duty encompasses impeachment evidence as well as exculpatory evidence, *see United States v. Bagley*, 473 U.S. 667, 676 (1985).  Under *Brady*, evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id*. at 682.

A review of the amended complaint reveals that plaintiff has failed to state a claim upon which relief can be granted.  Specifically, plaintiff has not stated facts from which a *Brady* claim can be drawn.  The DNA signature found on the penile swabs matches either

United States District Court
For the Northern District of California

that of plaintiff, or of the alleged victim, or neither. This evidence indicates that cells from plaintiff were found on plaintiff, and that cells from the alleged victim were found on plaintiff. These results show nothing more than that plaintiff and the alleged victim had sexual contact, a result that works no surprise as plaintiff himself admitted at trial that he had consensual sex with the alleged victim.[1] In sum, such facts do not plausibly show that there is a reasonable probability that the result of plaintiff's trial would have been different had the DNA evidence been timely disclosed to the defense. Plaintiff's amended complaint fails to correct the deficiencies discussed in the order dismissing the original complaint. Accordingly, the action is DISMISSED WITH PREJUDICE.

## CONCLUSION

Plaintiff's complaint, and thereby the action, is DISMISSED WITH PREJUDICE.

The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: April 27, 2010

RICHARD SEEBORG
United States District Judge

---

[1] Petitioner's admission that he had consensual sex with the alleged victim appears in the Amended Order Granting Petition for Writ of Habeas Corpus, Docket No. 44, Case No. 01-04974 MMC (PR).

1  **THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

2  Michael Dixon
   Prisoner Id 2336143
3  SF#313852 ; CDC #P-27448
   850 Bryant Street
4  San Francisco, CA 94103

5
   DATED:  04/28/2010
6

7

8                                                        s/ Chambers Staff
                                                         Chambers of Judge Richard Seeborg
9

10
    * Counsel are responsible for distributing copies of this document to any co-counsel who
11  have not registered with the Court's electronic filing system.

**United States District Court**
For the Northern District of California

                                            5                              No. C 10-1036 RS (PR)
                                                                           ORDER OF DISMISSAL